IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-0601-WJM-SKC

JAMES HARRISON MASSEY,

    Plaintiff,

v.

COMPUTERSHARE LIMITED,
COMPUTERSHARE US, INC.,
COMPUTERSHARE MORTGAGE SERVICES, INC.,
COMPUTERSHARE, INC.,
COMPUTERSHARE US SERVICES, INC.,
COMPUTERSHARE LOAN SERVICES,
BANK OF AMERICA, and
SPECIALIZED LOAN SERVICING, LLC,

    Defendants.

## ORDER TO SHOW CAUSE

    This matter is before the Court *sua sponte*. It has come to the Court's attention that as of the date of this Order to Show Cause, Defendants Computershare Limited, Computershare US, Inc., Computershare Mortgage Services, Inc., Computershare Inc., and Computershare US Services, Inc. (collectively, "Unserved Defendants") have not been served with the Summons and Amended Complaint, filed on April 12, 2021 (ECF No. 18) in this action.

    Federal Rule of Civil Procedure 4(m) requires that defendants be served within 90 days after the complaint is filed. Here, Plaintiff James H. Massey filed the Amended Complaint (ECF No. 18) on April 12, 2021 thereby requiring service of the Unserved Defendants by July 12, 2021. No attorney has entered an appearance for the Unserved

Defendants. To date, Plaintiff has not filed proof that he has executed service upon the Unserved Defendants.

The Court notes that on March 22, 2021, Plaintiff filed a Proof of Service which purportedly proved that he served three of the defendants in this matter, including Specialized Loan Servicing LLC ("SLS"), Computershare Limited (US), and Computershare Loan Services. (ECF No. 8.) On April 1, 2021, he filed an Affidavit of Service on Bank of America. (ECF No. 16.) Counsel have entered appearances on behalf of SLS, Computershare Loan Services, and Bank of America.[1] (ECF Nos. 9, 10.) However, no attorney has entered an appearance on behalf of Computershare Limited (the named defendant), or Computershare Limited (US) (the entity named on the summons). SLS points out in its Motion for Show Cause Order And to Stay Proceedings Pending Resolution of Same (ECF No. 14 at 11) that in the Amended Complaint, Plaintiff alleges that Computershare Limited is an Australian corporation with its principal place of business in Melbourne, Australia (ECF No. 18 ¶ 21). In light of the fact that the entity served and the named defendant do not have the same names, that Plaintiff's own allegations in the Amended Complaint indicate Computershare Limited may need to be served in Australia, and that no attorney has entered an appearance on behalf of Computershare Limited, the Court is not convinced that Plaintiff has properly served Computershare Limited and will require proof that Plaintiff has properly served the defendant he named: Computershare Limited (not Computershare Limited (US)). If Plaintiff cannot provide such proof, he must properly serve Computershare Limited.

---

[1] The Court sees no notice of entry of appearance by counsel for Bank of America on the docket, though counsel for Bank of America has filed documents in this case.

Accordingly, it is ORDERED that Plaintiff shall show cause as to why the Court should not dismiss without prejudice the claims asserted against all of the Unserved Defendants for failure to properly serve them under Federal Rule of Civil Procedure 4. Plaintiff's response to the show cause order is due no later than **December 13, 2021.**

The Clerk is DIRECTED to mail a copy of this Order to Show Cause to Plaintiff and file a certificate of service on the docket.

Dated this 3rd day of December, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge

3