**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 21-cv-0601-WJM-SKC

JAMES HARRISON MASSEY,

      Plaintiff,

v.

COMPUTERSHARE LIMITED,
COMPUTERSHARE US, INC.,
COMPUTERSHARE MORTGAGE SERVICES, INC.,
COMPUTERSHARE, INC.,
COMPUTERSHARE US SERVICES, INC.,
COMPUTERSHARE LOAN SERVICES,
BANK OF AMERICA, and
SPECIALIZED LOAN SERVICING, LLC,

      Defendants.

---

**ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION
PENDING OUTCOME OF APPEAL HAVING BEEN BROUGHT BY THE PLAINTIFF**

---

This matter is before the Court on Plaintiff James Harrison Massey's Emergency

Motion for Temporary Restraining Order and Preliminary Injunction Pending Outcome of

Appeal Having Been Brought By the Plaintiff ("Motion").  (ECF No. 55.)  On December

22, 2021, the Court advised Defendants Computershare Limited, Computershare US,

Inc., Computershare Mortgage Services, Inc., Computershare, Inc., Computershare US

Services, Inc., Computershare Loan Services, Bank of America, and Specialized Loan

Servicing, LLC ("SLS") (collectively, "Defendants") that they need not respond to the

Motion until further order of the Court.[1]  (ECF No. 56.)

The purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer."  *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).  It is sometimes issued when the opposing party has actual notice of the motion.  *See* 11A Charles Alan Wright et al., Federal Practice & Procedure § 2951 (3d ed., Apr. 2016 update) (TRO "may be issued with or without notice to the adverse party").  However, given the need for a harm so urgent and irreparable that a decision must be made before a hearing can be held, the primary purpose of the TRO is to grant short-term *ex parte* relief.  *See* Fed. R. Civ. P. 65(b) (describing prerequisites of *ex parte* TRO).

To obtain a preliminary injunction pursuant to Federal Rule of Civil Procedure 65, Plaintiff, as the moving party, must establish:

> (1) [it] will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits.

*Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (alterations incorporated).  "As a preliminary injunction is an extraordinary remedy, the right to relief

---

[1] As of the date of this Order, Defendants Computershare Limited, Computershare US, Inc., Computershare Mortgage Services, Inc., Computershare Inc., and Computershare US Services, Inc. (collectively, "Unserved Defendants") have not been served with the Summons and Amended Complaint, filed on April 12, 2021 (ECF No. 18) in this action.

The Court has issued an Order to Show Cause to Plaintiff as to why the Court should not dismiss without prejudice the claims asserted against all of the Unserved Defendants for failure to properly serve them under Federal Rule of Civil Procedure 4.  (ECF No. 48.)  Plaintiff's response to the Order to Show Cause was filed on December 21, 2021 and remains under advisement.  (ECF No. 57.)

must be clear and unequivocal." *Id.*

The "limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Schrier*, 427 F.3d at 1258 (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). For that reason, the Tenth Circuit applies a heightened standard for "[d]isfavored preliminary injunctions," which do not

> merely preserve the parties' relative positions pending trial. Instead, a disfavored injunction may exhibit any of three characteristics: (1) it mandates action (rather than prohibiting it), (2) it changes the status quo, or (3) it grants all the relief that the moving party could expect from a trial win. To get a disfavored injunction, the moving party faces a heavier burden on the likelihood-of-success-on-the-merits and the balance-of-harms factors: She must make a strong showing that these tilt in her favor.

*Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 797 (10th Cir. 2019) (citations and internal quotation marks omitted).

On December 7, 2021, the Court issued its Order on Pending Motions, which, in relevant part, dismissed with prejudice all claims against SLS, Computershare Loan Services, and Bank of America which arise out of facts that occurred on or before May 12, 2020 because they are barred by res judicata, and dismissed without prejudice all claims against SLS, Computershare Loan Services, and Bank of America which arise out of facts that occurred after May 12, 2020.[2] (ECF No. 50 at 19.) The Court incorporates by reference its Order on Pending Motions. (ECF No. 50.) Based on the

---

[2] On December 21, 2021, Plaintiff filed a Notice of Appeal in connection with the Court's Order on Pending Motions. (ECF No. 58.) On December 22, 2021, the Tenth Circuit suspended the appeal pending Plaintiff's filing of a memorandum explaining the legal basis for the Tenth Circuit to consider his appeal of a non-final order now. (ECF No. 62.) The appeal remains pending in the Tenth Circuit.

Court's findings and conclusions in its Order on Pending Motions, the Court determines that Plaintiff has failed both to show a substantial likelihood of success on the merits and to establish irreparable harm.

Therefore, Plaintiff James Harrison Massey's Emergency Motion for Temporary Restraining Order and Preliminary Injunction Pending Outcome of Appeal Having Been Brought By the Plaintiff (ECF No. 55) is DENIED.

Dated this 4th day of January, 2022.

BY THE COURT:

William J. Martinez
United States District Judge