UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00020-GNS

JAMES H. MASSEY; and
TAMARA S. MASSEY                                                                                    PLAINTIFFS

v.

SPECIALIZED LOAN SERVICING, LLC et al.                                              DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Recuse (DN 11), Defendants' Motion to Dismiss (DN 13), Plaintiffs' Motion to Remand (DN 22), and Defendants' Motion to Stay (DN 26).[1] The motions are ripe for adjudication. For the reasons below, Plaintiffs' Motion to Recuse (DN 11) and Plaintiffs' Motion to Remand (DN 22) are **DENIED**. Defendants' Motion to Dismiss (DN 13) is **GRANTED**. Defendants' Motion to Stay is **DENIED AS MOOT**.

### I.   STATEMENT OF FACTS AND CLAIMS

Plaintiffs James and Tamara Massey ("James" or "Tamara" separately, or "Plaintiffs" jointly) are the owners of real property located in Warren County, Kentucky. (Compl. ¶ 1, DN 1). In 2007, Plaintiffs took out a home equity line of credit secured by a mortgage on their Warren County property. (Compl. ¶ 2). After multiple assignments and transfers, Defendant Specialized Loan Servicing, LLC ("SLS") became the holder of the lien. (Compl. ¶ 4). On August 23, 2019, Plaintiffs received a payoff statement from SLS indicating the total amount required to pay off the balance on the line of credit was $25,849.76. (Compl. ¶¶ 7-8). On August 27, 2019, Plaintiffs purchased a cashier's check in the amount of $25,849.76 made payable to SLS and sent the check

---

[1] Plaintiffs' Motion for Summary Judgment (DN 23) is currently pending but is not yet ripe. For the reasons stated below, however, it is unnecessary to address this motion, and this motion is denied as moot.

through certified mail to an address designated by SLS. (Compl. ¶¶ 10-12). On August 30, 2019, SLS "received, accepted, and took possession of the check." (Compl. ¶ 14).

On May 12, 2020, James, individually, filed a complaint in this Court against SLS alleging diversity jurisdiction and asserting claims for theft, fraud, extortion, outrage, and punitive damages. Compl. at 4, *Massey v. Specialized Loan Servicing, LLC*, No. 1:20-CV-00088-GNS (W.D. Ky. May 12, 2020) (DN 1). In that prior complaint, James alleged facts nearly identical to the facts alleged in the instant Complaint. James alleged that he had a home equity line of credit account held by SLS which he attempted to pay off by check in the amount of $25,849.76 which SLS received on August 30, 2019. *Id.* at 5. The prior complaint also alleged that SLS then informed James that it was unable to locate the check. *Id.* at 7. On May 16, 2020, James filed voluntary disclosures stating his bank had refunded him the amount of the cashier's check. Pl.'s Voluntary Discl. ¶¶ 8-9 *Massey v. Specialized Loan Servicing, LLC*, No. 1:20-CV-00088-GNS (W.D. Ky. July 2, 2020) (DN 16). On January 29, 2021, this Court dismissed the complaint with prejudice. *Massey v. Specialized Loan Servicing, LLC*, No. 1:20-CV-00088-GNS, 2021 WL 311868 (W.D. Ky. Jan. 29, 2021) (DN 25). James did not appeal this Court's decision.

On May 4, 2022, SLS assigned its interest in the lien to MEB Loan Trust VI as trustee. (Compl. ¶ 27). On that same day, MEB Loan Trust VI assigned its interest in the lien to Wilmington Savings Fund Society, FSB, as owner trustee of CSMC 2021-JR2 Trust. (Compl. ¶ 32).

On February 9, 2023, Plaintiffs filed this Complaint alleging that Defendants violated KRS 382.365 and seeking damages and declaratory relief in Warren Circuit Court. (Compl. 8-10). On February 10, 2023, Defendants removed the action to this Court. (DN 5).

## II. DISCUSSION

### A. Plaintiffs' Motion to Recuse

Plaintiffs move for recusal under 28 U.S.C. §§ 144 and 455. Plaintiffs assert that the undersigned District Judge is biased against Plaintiffs and in favor of Defendants as demonstrated in the reasoning of the Court's dismissal of Plaintiffs' prior action, *Massey*, 2021 WL 311868 ("*Massey I*"). Plaintiffs speculate that this asserted bias may be the result of their status as an interracial couple. (Pls.' Mot. Recusal 4 DN 11). Filed alongside Plaintiffs' motion is a brief affidavit in support of the motion as well as three articles related to a supposed societal bias against interracial couples and articles related to the merits of Plaintiffs' claims. (Massey Aff. ¶¶ 2-3, DN 11-1; Pls.' Mot. Recusal Ex. 1, DN 11-4; Pls.' Mot. Recusal Ex. A, DN 11-5; Pls.' Mot. Recusal Ex. B, DN 11-5).

#### 1. *28 U.S.C. § 144*

28 U.S.C. § 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein . . . .
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

The Sixth Circuit has noted that "[t]he requirements of § 144 are strictly construed to prevent abuse because the statute is heavily weighted in favor of recusal." *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 353 (6th Cir. 2007) (citation omitted). The statute requires submission of both a factual affidavit and a certificate of good faith. 28 U.S.C § 144. Failure to submit the required certificate

of good faith, even by a *pro se* litigant, is fatal to the motion. *United States v. Steele*, No. 3:16-cv-00095-GFVT-EBA, 2019 WL 191633, at *1 (E.D. Ky. Jan. 11, 2019) (citing *Scott*, 234 F. App'x at 352-53). "[The affidavit] must state factual averments with particularity as to time, person, place, and circumstance." *Scott*, 234 F. App'x at 352 (citation omitted). "[A] district court is required to accept as true the factual allegations of the movant's affidavit, but the court may only credit facts that are sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *Id*. (internal quotation marks omitted) (quoting *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2001); *Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2007) ("To warrant recusal under § 144, an affidavit must 'allege[] facts which a reasonable person would believe would indicate a judge has a personal bias against the moving party.'" (quoting *Gen. Aviation, Inc. v. Cessna Aircraft, Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990))). "The alleged facts . . . must relate to 'extrajudicial conduct rather than . . . judicial conduct.'" *Ullmo*, 273 F.3d at 681 (quoting *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983)). "In other words, the affidavit must allege facts showing 'a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law.'" *Id*. (quoting *Story*, 716 F.2d at 1090).

In this instance, it is unnecessary to reach the merits of the motion because Plaintiffs have failed to comply with the procedural requirements of the statute by not submitting a certificate of good faith as required by Section 144. Therefore, to the extent Plaintiffs' motion to recuse is premised on Section 144, the motion is not properly before the Court. *E.g.*, *Scott*, 234 F. App'x at 352-53 ("Scott does not contest Metro's statement that she failed to file the certificate of counsel required by that section. Accordingly, Scott never placed a § 144 recusal motion properly before the district court.").

Even overlooking Plaintiffs' failure to submit a certificate of good faith, Plaintiffs' factual affidavit is insufficient to establish a basis for relief under this statute. Plaintiffs' affidavit contains four paragraphs, only one of which attempts to justify Plaintiffs' motion. (Massey Aff. 1). The third paragraph states: "The reasons why I believe I am entitled to the relief I seek are set forth with specificity and particularity in the context of the Motion for Recusal filed concurrently with this Affidavit." (Massey Aff. ¶ 3). Plaintiffs' unsworn statements within their motion are inadequate to satisfy the requirement of Section 144. *Cf. Directv, Inc. v. Corona*, No. 5:04-CV-132, 2005 WL 1654026, at *2 (W.D. Mich. July 12, 2005) ("[I]t is well established in the Sixth Circuit that an unsworn affidavit cannot be used to support or oppose a motion for summary judgment." (citing *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968-69 (6th Cir. 1991))). James' lone statement in the motion that he believes recusal is warranted is a far cry from "definite and particular" facts which would "convince a reasonable person that bias exists . . . ." *Scott*, 234 F. App'x at 352. Plaintiffs' affidavit is therefore insufficient to support a motion for relief under Section 144.

### 2.     *28 U.S.C. § 455*

28 U.S.C. § 455(a) requires that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The substantive analysis under Section 455 is essentially the same as that under Section 144, which is whether a reasonable person would question the judge's impartiality. *Compare Ullmo*, 273 F.3d at 681 ("To warrant recusal under § 144, an affidavit must allege[] facts which a reasonable person would believe would indicate a judge has personal bias against the moving party), *with Scott*, 234 F. App'x at 354 ("[T]he ultimate question is whether 'a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's

5

impartiality.'" (quoting *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999))). As with Section 144, disqualification under Section 455 must be premised upon extrajudicial conduct rather than on judicial conduct. *United States v. Sypher*, No. 3:09-CR-00085, 2010 WL 5393849, at *5 (W.D. Ky. Dec. 22, 2010) (citing *Story*, 716 F.2d at 1091). The differences between the statutes are therefore mainly procedural; for example, Section 455 does not require submission of an affidavit or certification of good faith and therefore "does not require the [Court] to 'accept as true the allegations made by the party seeking recusal.'" *Scott*, 234 F. App'x at 353 (citing *In re Martinez-Catala*, 129 F.3d 213, 220 (1st Cir. 1997)). Section 455 is also self-executing, and requires judicial disqualification for personal bias even absent a party complaint. *United States v. Smith*, 36 F. App'x 820, 820-21 (6th Cir. 2002) (quoting *Story*, 716 F.2d at 1091).

Plaintiffs' justifications for seeking recusal arise from their dissatisfaction with this Court's ruling in *Massey I*. Plaintiffs speculate that the Court's ruling may have resulted from some animus that the Court harbors against interracial couples, but Plaintiffs' only basis for this assertion is three articles addressing biases against interracial couples. (Pls.' Mot. Recusal Ex. A, Pls.' Mot. Recusal Ex. 1, Pls.' Mot. Recusal Ex. 2). Plaintiffs' bases for disqualification are founded on mere speculation, completely unrelated in any way to the undersigned. This motion therefore fails to establish that a reasonable, objective person, knowing all of the circumstances, would question the Court's impartiality.

Plaintiffs' motion to recuse fails to state a basis for relief under either Section 144 or Section 455, and therefore, has failed to establish grounds for recusal. The motion is denied.

B. **Plaintiffs' Motion to Remand**

Defendants removed this action from Warren Circuit Court based on diversity jurisdiction under 28 U.S.C. §1332. Plaintiffs now move to remand the action back to state court, asserting

that there is not complete diversity between the parties and that this Court lacks subject matter jurisdiction. (Pls.' Mot. Remand, DN 22). Plaintiffs do not dispute that SLS and Computershare US, Inc, are organized under the laws of Delaware, nor do Plaintiffs' dispute that the amount in controversy exceeds $75,000.00. (Pls.' Mot. Remand 5 DN 22). Therefore, the only issue for the Court to decide is whether Defendants SLS and Computershare Inc have Kentucky citizenship for purposes of Section 1332.

### 1.   *Standard of Review*

"When considering a motion to remand, the Court must examine whether the case was properly removed to federal court." *Graves v. Standard Ins. Co.*, 66 F. Supp. 3d 920, 922 (W.D. Ky. 2014) (citation omitted). A defendant seeking to remove a case bears the burden of proving the diversity requirements upon a motion to remand filed by the plaintiff. *Coleman v. Malt-O-Meal Co.*, No. 1:06-CV-24-M, 2006 WL 8456584, at *1 (W.D. Ky. Mar. 23, 2006) (citing *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 612 n.28 (1979)). "In a diversity case, the removing party must show (1) that 'all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation,' and (2) that the jurisdictional minimum amount in controversy is met." *Gipe v. Medtronic, Inc.*, 416 F. Supp. 3d 687, 691-92 (W.D. Ky. 2019) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999)).

For purposes of diversity jurisdiction, "a corporation [is] deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is defined as its "nerve center," that is, "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp v. Friend*, 559 U.S. 77, 92-93 (2010). In practice, a corporation's principal place of business is where it keeps its headquarters. *Id*. at 93.

7

Unincorporated entities, like limited liability companies, have the citizenship of each partner or member. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

### 2.     *Analysis*

Plaintiffs argue that this Court lacks subject matter jurisdiction because Defendants SLS, and Computershare US, Inc., are citizens of Kentucky for purposes of Section 1332. (Pls.' Mot. Remand 5-8). Plaintiffs do not dispute that Computershare US, Inc. is incorporated in Delaware but assert, without any evidence, that "public information posted on the internet . . . reflects that Computershare US has a headquarters office in Kentucky, with the address of 462 South 4th Street, Louisville, KY 40202." (Pls.' Mot. Remand 5). Plaintiffs then assert, again without reference to any evidence, that SLS "is publicized as having office locations in the state of Kentucky, with a large employee work force sounding consistent with a 'nerve center.'" (Pls.' Mot. Remand 8). Plaintiffs argue that because SLS's sole member is Specialized Loan Servicing Holdings LLC, whose sole member is Computershare Loan Servicing, Inc., which is owned by Computershare US, Inc., SLS, like Computershare US, Inc., has Kentucky citizenship. *Id.*

Defendants respond that both SLS and Computershare US, Inc. are incorporated in Delaware and have their principal places of business in Colorado. (Defs.' Resp. Pls.' Mot. Remand 5-9, DN 25). Defendants submit declarations from Cynthia Wallace ("Wallace"), second assistant vice president of SLS, and Robert Fromberg ("Fromberg"), Corporate Secretary of Computershare US, Inc., in support of their response. Wallace's declaration states that (i) SLS' sole member is Specialized Loan Servicing Holdings LLC, (ii) that Specialized Loan Servicing Holdings LLC's sole member is Computershare Mortgage Services, Inc., and (iii) that Computershare Mortgage Services, Inc., is a Delaware Corporation with principal place of business in Colorado, "from

8

where it [sic] officers direct, control, and coordinate the corporation's activities . . . ." (Wallace Decl. ¶¶ 5, 7-9, DN 25-1).

Fromberg's declaration states that Computershare US, Inc. is incorporated in Delaware and that its "principal place of business and the nerve center from where its officers direct, control, and coordinate the corporation's activities are and were located in the State of New York." (Fromberg Decl. ¶¶ 3-4, DN 25-3). Puzzlingly, Defendants' motion states that Computershare Us, Inc. has principal place of business in Colorado whereas Fromberg states that it has principal place of business in New York. *Compare* (Defs.' Resp. Pls.' Mot. Remand 7-9), *with* (Fromberg Decl. ¶ 4). Regardless, whether Computershare US, Inc.'s principal place of business is in Colorado or New York is of no moment for purposes of diversity jurisdiction because neither place is Kentucky.

Plaintiffs' assertion that Computershare US, Inc. has its principal place of business in Kentucky, while dispositive if true, is completely unsupported by any evidence or sworn statement. Therefore, the Court finds that Defendants have presented sufficient evidence to establish that there is complete diversity between the Plaintiffs and Defendants. Therefore, remand is not appropriate, and Plaintiffs' motion must be denied.

  **C.**   **Defendant's Motion to Dismiss**

    **1.**   *Standard of Review*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P 12(b)(6). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "A

9

complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-64 (2007)).

"A federal court sitting in diversity applies the choice of law rules of the forum state to determine questions of *res judicata*." *Ventas, Inc. v. HCP, Inc.*, 647 F.3d 291, 303 n.4 (6th Cir. 2011) (citing *Taveras v. Taveraz*, 477 F.3d 767, 783 (6th Cir. 2007)). "[R]es judicata applies to bar consideration of a claim that was, or could have been, brought in prior litigation between the parties." *Bowling v. Ky. Dep't of Corr.*, 301 S.W.3d 478, 486 (Ky. 2009). Under Kentucky law, "three elements must be satisfied: '(1) there must be an identity of parties between the two actions; (2) there must be an identity of the two causes of action; and (3) the prior action must have been decided on the merits.'" *Brandenburg Tel. Co. v. Sprint Commc'ns Co., L.P.*, No. 3:09-cv-109-CHB, 2023 WL 2285868, at *18 (W.D. Ky. Feb. 28, 2023) (quoting *Miller v. Admin Off. of Cts.*, 361 S.W.3d 867, 872 (Ky. 2011)).

Typically, "[i]f, on a motion under Rule 12(b)(6)[,] . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, "[t]he Sixth Circuit has 'taken a liberal view of what matters fall within the pleadings for purposes of 12(b)(6),' holding that . . . 'courts may . . . consider public records, matters of which a court may take judicial notice, and latter decisions of governmental agencies.'" *Dearborn Golden Invs., LLC v. Uppercut Bros., LLC*, No. 20-cv-13115, 2021 WL 5040287, at *4 (E.D. Mich. Oct. 29, 2021) (quoting *Aremgau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001)). "It is well established that 'a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment.'" *Id.*

10

(quoting *Nguyen ex rel. U.S. v. City of Cleveland*, 534 F. App'x 445, 448 (6th Cir. 2013)). As a result, "district courts in the Sixth Circuit routinely consider at the motion to dismiss stage arguments that previous cases bar suit because of claim or issue preclusion." *Id.*

### 2. *Analysis*

In addition to urging that this action is not barred by *res judicata*, Plaintiffs contend that Defendants' motion cannot be considered under Rule 12(b)(6) because it relies on matters outside the pleadings. (Pls.' Resp. Defs.' Mot. Dismiss 2-3, 15-17, DN 19). Plaintiffs state that Defendants' motion is "replete with a plethora of references to irrelevant matters that are completely outside the four corners of the complaint." (Pls.' Resp. Defs.' Mot. Dismiss 15). Plaintiff specifically points to two Assignments of Mortgage which were attached to Defendants' Motion to Dismiss. (Pls.' Resp. Defs.' Mot. Dismiss 16). Defendants respond that the assignments are subject to judicial notice because they were referenced in Plaintiffs' Complaint. (Defs.' Reply' Mot. Dismiss 9, DN 24). Defendants state that the assignments were included "for the Court's benefit and clarity in understanding who the last two named Defendants are." (Defs.' Reply Mot. Dismiss 9). Exhibits corroborating the allegations in the Complaint are unnecessary under Rule 12(b)(6), where Plaintiffs' factual assertions are taken as true. Therefore, the Court declines to consider the exhibits attached to Defendants' motion to dismiss.

### a. "Identity of Parties"

"[P]rivity [within the meaning of *res judicata*,] means a successor in interest to the party, one who controlled the earlier action, or one whose interests were adequately represented." *Cadle Co. v. Gasbusters Prod. I Ltd. P'ship*, 509 S.W.3d 713, 719 (Ky. App. 2016) (second alteration in original) (citation omitted). "While the concept of privity defies a precise, inflexible definition, a key consideration for its existence is the sharing of the same legal right by the parties allegedly in privity. '[T]he absolute identity of legal interest is fundamental to a finding of privity.'"

*Groupwell Int'l (HK) Ltd. v. Gourmet Express, LLC*, 277 F.R.D. 348, 356 (W.D. Ky. 2011) (internal citation omitted) (quoting *BTC Leasing Inc. v. Martin*, 685 S.W.2d 191, 198 (Ky. App. 1984)).

Considering the allegations in Plaintiffs' complaint alongside the filings in *Massey I*, this element is clearly met. James was the sole plaintiff in *Massey I* and SLS was the sole Defendant. Compl. 1-2, *Massey I*. In this action, Plaintiffs are James and Tamara. (Compl.). Defendants are SLS, Computershare US, Inc., Wilmington Savings Fund Society, FSB, and MEB Loan Trust VI. (Compl. 1).

Of course, James is the same person in this action and *Massey I*. As to Tamara, the present Complaint does not distinguish between James and Tamara's claims but refers to both of them plurally as "Masseys." (Compl.). Plaintiffs are jointly asserting Kentucky law claims based on a check they allegedly sent to pay off a home equity line of credit that was secured by a lien on property jointly owned by the parties. (Compl. 1-2). As discussed in the section below, this is the same factual circumstance which gave rise to *Massey I*. Compl., *Massey I*. As Plaintiffs' claims are asserted jointly in the Complaint, the Court finds that James and Tamara have an "absolute identity of legal interest[,]" and are therefore in privity with one another. *Gourmet Express*, 277 F.R.D. at 356.

With respect to Defendants, like the prior action, SLS has been named as a Defendant, and this element is clearly met with respect to it. The Complaint makes it clear that Plaintiffs' position is that SLS' lien on Plaintiffs property "was 'assigned', and/or, transferred to MEB Loan Trust VI, not in its individual capacity but solely as Trustee, *by Specialized Loan Servicing LLC*." (Compl. 5). Plaintiffs further assert that "discovery information strongly suggests that MEB Loan Trust VI, and specialized Loan Servicing, LLC share identical legal DNA." (Compl. 5). Plaintiffs make

similar allegations against Wilmington Savings and Fund Society, FSB, as owner trustee of CSMC 2021-JR2 Trust ("Wilmington"). Plaintiffs assert that MEB Loan Trust VI assigned and transferred the lien to Wilmington. (Compl. 6). Plaintiffs then allege that "[b]ased upon interpretation of research, the totality of facts, evidence, law, and circumstances, and reasonable inferences to be drawn therefrom, CSMS 2021-JR2 Trust, and Specialized Loan Servicing, LLC, metaphorically speaking, are identical legal twins." (Compl. 6). Plaintiffs' allegations against both trustee Defendants stem from lien assignments which allegedly should have been extinguished by Plaintiffs' cashier's check mailed to SLS on August 27, 2019. (Compl. 3). Accepting as true all of the factual allegations in Plaintiffs' complaint, SLS, MEB Loan Trust VI, and Wilmington all have an "identity of legal interest" in this action and are therefore in privity with one another.

The final Defendant, Computershare US, Inc., is not mentioned in the Complaint other than in the heading, and no factual allegation is asserted against it. Although there are no facts alleged in the Complaint from which Computershare US, Inc.'s privity with SLS can be evaluated, dismissal is clearly appropriate under Rule 12(b)(6) because Plaintiffs failed to make any factual allegation with respect to Computershare US, Inc.

### b.   "Identity of Causes of Action"

"Identity of causes of action means an 'identity of the facts creating the right of action and of the evidence necessary to sustain each action.'" *Hashemian v. Louisville Reg'l Airport Auth.*, 493 S.W.3d 843, 846 (Ky. App. 2016) (quoting *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981)). "Kentucky follows the 'transactional approach' in determining whether identity of causes of action exists." *Lawrence v. Bingham Greenebaum Doll, L.L.P.*, 599 S.W.3d 813, 826 (Ky. 2019) (citing *Yeoman v. Commonwealth, Health Pol'y Bd.*, 93 S.W.2d 459, 465 (Ky. 1998). As the Kentucky Supreme Court has stated:

> [The] Court's task is to compare the factual issues explored in the first action with the factual issues to be resolved in the second. [T]he test for common nucleus of operative fact as defined for purposes of *res judicata* is not simply one of whether the two claims are related to or may materially impact one another. [T]he connection between the core facts of the prior suit . . . and the core facts of the [current suit cannot be] too attenuated[.]  If the factual scenario of the two actions parallel, the same cause of action is involved in both.

*Id.* (second, third, fourth, and fifth alterations in original) (internal quotation marks omitted) (internal citations omitted) (citation omitted).

Plaintiffs attempt to draw some distinction between *Massey I* and the instant case by explaining that "[t]he underlying facts in this case giving rise to two completely different causes of action, while occurring simultaneously, and under similar circumstances, are related only tangentially and, analogously, in significant ways, are comparatively similar to Dizygotic, (Fraternal), twins." (Pls.' Resp. Def. Mot. Dismiss 3). These allegations are equivalent to an admission that "the factual scenario of the two actions parallel . . . ." *Lawrence*, 599 S.W.3d at 826. A review of the instant Complaint and the prior complaint in *Massey* I clearly reveals that both are based on a check which Plaintiffs allegedly sent to SLS to pay off a home equity line of credit account, which check SLS allegedly lost, and on SLS' subsequent conduct. Thus, the claims in both complaints arise not only from parallel facts, but from identical facts.

### c. "Final Judgment on the Merits"

"A prior Fed. R. Civ. P. 12(b)(6) dismissal for failure to state a claim upon which relief may be granted operates as an adjudication on the merits for issue and claim preclusion purposes." *Cobbs v. Katona*, 8 F. App'x 437, 438 (6th Cir 2001) (citing *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 917 (6th Cir. 1986)).

Plaintiffs' prior complaint was filed on May 12, 2020. Compl. *Massey I*. The Court previously granted the motion to dismiss Plaintiffs' complaint with prejudice on January 29, 2021.

*Massey I*, 2021 WL 311868, at *6. This served as a final judgment on the merits. Therefore, this element is satisfied.

The Court finds that *Massey I* is *res judicata* as to this action and therefore Defendants' motion to dismiss is granted.

### III.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiffs' Motion to Recuse (DN 11) and Plaintiffs' Motion to Remand (DN 22) are **DENIED**.

2. Defendants' Motion to Dismiss (DN 13) is **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE.**

3. The remaining motions (DN 23, 26) are **DENIED AS MOOT**.

4. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

September 18, 2023

cc:    counsel of record
       Plaintiffs, *pro se*

15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00020-GNS

JAMES H. MASSEY; and
TAMARA S. MASSEY                                                                          PLAINTIFFS

v.

SPECIALIZED LOAN SERVICING, LLC et al.                                          DEFENDANTS

## JUDGMENT

This matter is before the Court on Defendants' Motion to Dismiss (DN 13), and the Court on this date having issued its Memorandum Opinion and Order granting the motion.

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED WITH PREJUDICE**.

This is a final and appealable order.

Greg N. Stivers, Chief Judge
United States District Court

September 18, 2023

cc:   counsel of record
      Plaintiffs, *pro se*