**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 21-cv-0601-WJM-SBP

JAMES HARRISON MASSEY,

    Plaintiff,

v.

COMPUTERSHARE LIMITED, also known as COMPUTERSHARE, INC., also known as COMPUTERSHARE US, INC.,
BANK OF AMERICA, NA, and
SPECIALIZED LOAN SERVICING, LLC, alternatively known as COMPUTERSHARE LOAN SERVICES,

    Defendants.

---

**ORDER ADOPTING DECEMBER 13, 2023 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE AND
OVERRULING PLAINTIFF'S OTHER RELATED OBJECTIONS AND
DENYING PLAINTIFF'S MOTION FOR VACATUR OF VOID ORDERS AND
JUDGMENTS AND OVERRULING PLAINTIFF'S RELATED OBJECTION**

---

This matter is before the Court on the December 13, 2023 Recommendation by former U.S. Magistrate Judge S. Kato Crews[1] (the "Recommendation") (ECF No. 137) that the Court grant Defendant Specialized Loan Servicing LLC's ("SLS") Motion to Dismiss *pro se* Plaintiff James Harrison Massey's Complaint ("SLS Motion") (ECF No. 93)[2] and Computershare Limited and Computershare US, Inc.'s Motion to Dismiss ("Computershare Motion") (ECF No. 110) and dismiss Plaintiff's Second Amended

---

[1] Judge Crews now serves as a United States District Judge for the District of Colorado.

[2] Defendant Bank of America joined SLS's Motion to Dismiss and its reply. (ECF No. 136.)

Complaint ("SAC") (ECF No. 71-1).[3]  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Plaintiff filed Amended Written Objections to Magistrate's Recommendations on SLS's Motion to Dismiss and Computershare's Motion to Dismiss ("Objections").  (ECF No. 140.)  Defendants Computershare Limited; Computershare US, Inc.; SLS; and Computershare Loan Services filed a response to Plaintiff's Objections ("Response") but filed no objections of their own.  (ECF No. 141.)  Defendant Bank of America joined the Response.  (ECF No. 142.)

For the sake of completeness and because the filing relates to this Order, the Court also addresses Plaintiff's Objection to Court's Order Striking Plaintiff's Reply to Defendants' Response to Plaintiff's Objection to Magistrates' [*sic*] Recommendation.  (ECF No. 145.)

Finally, the Court addresses Plaintiff's Motion for Vacatur of Void Orders and Judgments (Amended to comply with Court imposed page limits) And Memorandum of Law in Support of Petition for Relief Not Being Based on the Merits ("Motion for Vacatur").  (ECF No. 150.)  Defendants Computershare Limited; Computershare US, Inc.; and Specialized Loan Servicing LLC and Computershare Loan Services filed a response in opposition.  (ECF No. 152.)  Defendant Bank of America joined their response.  (ECF No. 153.)  Plaintiff filed a reply.  (ECF No. 154.)  Plaintiff also filed an

---

[3] The Court adopts the naming conventions for Defendants that Judge Crews uses in the Recommendation.  Judge Crews explained: "The SAC identifies Computershare Limited to also be known as Computershare, Inc. also known as Computershare US, Inc.  Unless otherwise indicated, the Court refers to these entities collectively as 'Computershare' or 'Computershare Defendants.'  Similarly, the SAC identifies SLS to be alternatively known as Computershare Loan Services.  Unless otherwise indicated, the Court collectively refers to these entities as 'SLS,' 'SLS/CLS,' or 'SLS Defendants.'"  (ECF No. 137 at 3 n.4.)

2

Objection to Order Striking Motion for Vacatur of Void Orders and Judgments.  (ECF No. 149.)

For the reasons set forth below, Plaintiff's Objections are overruled, the Recommendation is adopted as explained below, and his related objection is overruled. Plaintiff's Motion for Vacatur is denied and his related objection is overruled.

## I. BACKGROUND AND PROCEDURAL HISTORY

The Court assumes the parties' familiarity with the facts and incorporates by reference the factual and procedural history contained in the Recommendation (ECF No. 137 at 1–5) and the Order on Pending Motions (ECF No. 50 at 3–9).

The Court also notes relevant procedural developments explained in the Response.  (ECF No. 141 at 1 n.1.)  Plaintiff's first action, *James Harrison Massey v. Specialized Loan Servicing LLC*, No. 1:20-cv-00088-GNS-HBB (W.D. Ky.) ["*Massey I*"], was dismissed with prejudice on January 29, 2021.  During the pendency of this second action before the Court, Plaintiff filed a third action in Kentucky, *James H. Massey, et al. v. Specialized Loan Servicing, LLC*, No. 1:23-cv-00020-GNS (W.D. Ky.) ["*Massey III*"], which now has also been dismissed with prejudice on very same res judicata grounds as recommended by Judge Crews in the Recommendation.

## II. LEGAL STANDARDS

**A.     Rule 72(b) Review of a Magistrate Judge's Recommendation**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 73(b)(3).  An objection to a recommendation is properly made if it is both timely and specific.  *United States v. 2121 E. 30th St.*, 73 F.3d 1057,

3

1059 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.*  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate."  *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

**B.**   **Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted."  The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff."  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice."  *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted).  "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual

4

proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

**C.     Reconsideration**

In the Tenth Circuit, grounds warranting a motion to reconsider include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

**D.     Rule 60**

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for [six] reasons[.]" Fed. R. Civ. P. 60(b). The first five reasons are scenarios that arise with enough frequency to be specifically called out (*e.g.*, excusable neglect, newly discovered evidence, satisfaction of judgment). *See* Fed. R. Civ. P. 60(b)(1)–(5). Then Rule 60(b)(6) permits a court to grant relief for "any other reason justifying relief." While relief under the five enumerated clauses of Rule 60(b)(1)–(5) is "extraordinary and may only be granted in exceptional circumstances," "Rule 60(b)(6) relief is even more difficult to attain and is appropriate only when it offends justice to deny such relief." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231–32 (10th Cir. 1999).

Ultimately, all Rule 60(b) motions are addressed to the sound discretion of the trial court. *Zimmerman v. Quinn*, 744 F.2d 81, 82 (10th Cir. 1984).

### III. RECOMMENDATION

**A.     SLS's and Bank of America's Motion to Dismiss**

   1.     <u>Res Judicata</u>

Judge Crews recommended finding res judicata bars Plaintiff's claims against

5

SLS and Bank of America.  (ECF No. 137 at 7.)  Because the undersigned already addressed the first and third elements of res judicata in its prior Order and concluded that SLS/CLS and Bank of America are in privity (satisfying the first element) and that *Massey I* was resolved on the merits (satisfying the third element), Judge Crews focused on the second element—identity of the causes of action.  (*Id.* (citing ECF No. 50 at 13–18).)

He concluded that Plaintiff's claims here stem from the same underlying circumstances that were involved in the Kentucky action.  (*Id.* at 8.)  Specifically, he explained that "the SAC merely takes Plaintiff's updated monthly HELOC [home equity line of credit] statements issued after May 12, 2020, to allege a series of claims that involve the same material facts involved in the Kentucky Action, to wit: a payoff check Plaintiff sent SLS through certified mail to terminate his mortgage debt, SLS claiming it never received the check, Plaintiff never sending SLS a replacement check, and SLS foreclosing on his home."  (*Id.* at 9.)

Judge Crews examined numerous allegations of the SAC in detail (*see id.* at 8–9), which the Court need not reiterate here, before ultimately recommending "finding an identity of the causes of action exists between the claims raised in the SAC and the matters ruled upon in the Kentucky Action, even when considering the SAC's effort to style its claims as arising after May 12, 2020."  (*Id.* at 10 (citing *Drake v. McKinney*, 2020 WL 5301155, at *2–3 (W.D. Ky. Sept. 4, 2020) (discussing that res judicata applies not only to the points raised in a prior case, but also to every point which properly belonged to the subject of the litigation and which might have been brought at that time)).)  Accordingly, Judge Crews recommended "finding Plaintiff's claims in the

6

SAC against SLS/CLS, and Bank of America are barred by res judicata." (*Id.*)

    2.  <u>Rule 12(b)(6)</u>

  Next, Judge Crews explained that "[e]ven if [Plaintiff's] claims were not barred by res judicata, the Court respectfully recommends Plaintiff's claims should be dismissed for failing to state a claim upon which relief can be granted." (*Id.*)  He found that the SAC "woefully" fails to meet the requirements necessary to survive a motion to dismiss for failure to state a claim. (*Id.* at 11.)

  For support, he explained that the SAC "merely makes conclusory statements about the 'defendants' and group-pleads their alleged conduct throughout." (*Id.*)  Additionally, he observed that the "only factual allegations that the Court must consider are the allegations that incorporate the monthly HELOC statements," but that the SAC "stops there and does not set forth any further factual allegations." (*Id.* at 12.)  Instead, the remainder of the allegations in the SAC are "too vague and conclusory, or merely recite the legal elements of the claims." (*Id.*)

  As such, Judge Crews recommended that the Court dismiss the case against SLS and Bank of America alternatively under Rule 12(b)(6). (*Id.*)

**B.** **Computershare's Motion to Dismiss**

    1.  <u>Res Judicata</u>

  First, based on Plaintiff's allegations in the SAC, Judge Crews concluded that privity exists between SLS and the Computershare Defendants for res judicata purposes. (ECF No. 137 at 13–14.)  Accordingly, he recommended that the claims against the Computershare Defendants are barred by res judicata for the same reason it bars the claims against SLS and Bank of America.

  He also concluded in a footnote that

> [w]hile Computershare argues that res judicata bars claims brought only against Computershare Limited and Computershare US, Inc., the Court notes that *res judicata would also bar the SAC's claims against Computershare, Inc*. And because the Court finds that res judicata bars the SAC's claims against the Computershare Defendants, the Court need not address their argument concerning lack of personal jurisdiction.

(*Id.* at 14 n.12 (emphasis added).)

2. Rule 12(b)(6)

Alternatively, Judge Crews found that the SAC fails Rule 12(b)(6) against the Computershare Defendants for the same reasons already discussed above and recommended a finding that the SAC "falls short of Rule 12(b)(6) and granting Computershare's Motion to Dismiss on this alternative basis." (*Id.* at 14.)

C. **Failure to Perfect Service upon Computershare, Inc.**

Judge Crews noted that Plaintiff has still not perfected service of process upon Computershare, Inc., and at no time in this case has Plaintiff requested a correctly captioned summons directed to Computershare, Inc., as the Clerk of Court indicated was necessary. (*Id.* at 15 (citing ECF No. 32 (4/30/2021: requesting a summons be issued to Computershare, Inc., among others), ECF No. 33 (4/30/2021: Clerk's "Administrative Notice: summons submitted has incomplete caption and is not issued. Each summons caption must include all defendants.")).) Therefore, Judge Crews recommended dismissing Computershare, Inc., pursuant to Federal Rule of Civil Procedure 4(m).

He also noted that the Computershare Entities argue they should be dismissed because Plaintiff failed to serve each of them properly, but he concluded that he need not address this argument in light of his Recommendation for dismissal against these

8

entities. (*Id.* at 15 n.13.)

## IV. ANALYSIS

**A.    Recommendation**

    1.    <u>Plaintiff's Objections to the Recommendation</u>

        a.    *Reference to Plaintiff's Status as an Attorney*

Plaintiff objects to footnote 3 of the Recommendation, which Plaintiff states describes him as a "disbarred attorney." (ECF No. 140 at 1.) Footnote 3 states in full:

> Though he proceeds *pro se*, Plaintiff is a formerly barred Colorado attorney. Dkt. 7-1, ¶ 50. Typically, the Court would construe a pro se party's filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, as a formerly licensed attorney, Plaintiff is not afforded liberal construction of his pleadings. *See, e.g., Tatten v. City & Cnty. of Denver*, 730 F. App'x 620, 625 (10th Cir. 2018) (collecting cases where liberal construction not afforded to licensed attorney); *McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014) (disbarred attorney not afforded liberal construction).

(ECF No. 137 at 2–3 n.3.)

Judge Crews never referred to *Plaintiff* as a disbarred attorney; rather, he referred to a disbarred attorney in an explanatory parenthetical. Judge Crews properly referred to Plaintiff as a "formerly barred Colorado attorney." Thus, the Court overrules Plaintiff's objection.

        b.    *Jurisdictional Challenge*

First, Plaintiff objects to this Court's "jurisdiction to rule on the merits of any matters pertaining to this Plaintiff, whether past or present." (ECF No. 140 at 2.) He posits that once jurisdiction is challenged, "'the burden shifts to the court to prove

9

jurisdiction.'"  (*Id.* (citing *Rosemont v. Lambert*, 469 F.2d 416 (5th Cir. 1972)).)[4]

Additionally, Plaintiff objects to

> this court's jurisdiction that was previously exercised by its ruling on the merits of facts that occurred prior to, and/or, on the date of August 30, 2019, at the precise time of 10:49 am. Those said issues arose out of facts that pertained specifically to the HELOC payoff agreement entered into between Plaintiff and SLS.  This District Court lacked jurisdiction to rule on the merits of those said issues because those issues had previously been rendered moot and non-justiciable by operation of law, to wit., UCC 3-310, and CRS 4-3-310.

(ECF No. 140 at 2.)  Further, Plaintiff requests that this Court vacate its own Order on Pending Motions (ECF No. 50), which he states was an "illegal exercise of jurisdiction" and "an egregious usurpation of power," and, invoking the Full Faith and Credit Clause of the Constitution, asks that the Court vacate the "the Kentucky void judgment".  (*Id.* at 4, 5, 9.)

In the Response, Defendants point out that

> Plaintiff's new jurisdictional arguments were never raised in the motion-to-dismiss briefing considered by the Magistrate Judge or at any other time in these proceedings.  Plaintiff has, however, recently attempted to raise the same or similar arguments in the two Kentucky federal cases, *Massey I* and *Massey III*.  And the Kentucky federal court has since rejected those arguments multiple times over.  *See Massey I*, DN 34 (rejecting Plaintiff's belated Rule 60(b) motion that argued the court lacked subject-matter jurisdiction to render the final judgment giving rise to res judicata in both this case and the third successive case);

---

[4] Plaintiff incorrectly cites the case name, and the quotation he provides is also inaccurate.  In *Rosemound Sand & Gravel Co. v. Lambert Sand & Gravel Co.*, 469 F.2d 416, 418 (5th Cir. 1972), the Fifth Circuit stated that "[g]enerally, a plaintiff's allegations of jurisdiction are sufficient, but when they are questioned, as in this case, the burden is on the plaintiff to prove jurisdiction."

> *Massey III*, DN 31 at 6–9 (rejecting Plaintiff's challenge to
> the court's subject-matter jurisdiction).

(ECF No. 141 at 2 n.2.)

With respect to the question of jurisdiction,[5] the Court finds that Plaintiff's objections are wholly without merit. Having reviewed the Objections, the Court finds no reason to vacate its Order on Pending Motions (ECF No. 50). In their Response, Defendants argue that Plaintiff's "conclusory arguments border on the absurd, and Defendants are at something of a loss as to how to meaningfully respond for the Court's benefit." (ECF No. 141 at 7.) They further point out that Plaintiff himself filed the instant action in this Court and invoked its diversity jurisdiction under 28 U.S.C. § 1332(a).[6] (*Id.*; *see* ECF No. 1.) They also underscore that his objections do not challenge the facial or factual sufficiency of the SAC and—further complicating matters—"Plaintiff frequently miscites, misquotes, or misattributes caselaw throughout his objections." (ECF No. 141 at 8 n.11 (identifying specific mistakes in Plaintiff's objections).)

The Court agrees with Defendants' observations. In its Order on Pending Motions, the Court dismissed Plaintiff's claims arising out of facts that occurred on or before May 12, 2020 because it found they are barred by res judicata. (ECF No. 50.)

---

[5] Although Plaintiff did not raise the jurisdiction issue in the briefing on the motions to dismiss and has thus waived the argument in Defendants' view (*see* ECF No. 141 at 4–5), the Court takes up the issue of jurisdiction because "[o]bjections to subject-matter jurisdiction . . . may be raised at any time." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

[6] Defendants note that Plaintiff has attempted to defeat federal jurisdiction in *Massey I* and *Massey III* by arguing that SLS is purportedly a Kentucky citizen. (ECF No. 141 at 8–9 n.12.) The Kentucky federal court rejected his efforts in both cases. (*Id.*) However, in this lawsuit, Plaintiff has invoked diversity jurisdiction by asserting that SLS is a Colorado citizen. (ECF Nos. 1, 7-1, 71-1.) According to Defendants, the "takeaway seems to be that Plaintiff has no problem making entirely contradictory and inconsistent statements to different courts as it suits him—that is, unless and until a court rules against him, at which time he shifts to arguing that court never had jurisdiction to begin with." (ECF No. 141 at 8–9 n.12.)

Therefore, only claims arising out of facts that occurred after May 12, 2020 are at issue. The Court concludes that Plaintiff has not raised any factual or legal argument in his Objections that would mandate the Court revisit—much less vacate—its prior ruling.

With respect to Plaintiff's request that the Court vacate the Kentucky federal court's ruling, as Defendants point out in the Response, the Court cannot properly review another federal court's decision. (ECF No. 141 at 4 (citing *Klayman v. Rao*, 49 F.4th 550, 552–53 (D.C. Cir. 2022) (collecting cases for the point that one federal district court lacks the authority to review or declare void decisions by another federal court)).) Therefore, the Court overrules Plaintiff's jurisdictional challenge.

c. *Failure to Preserve Any Other Issues*

The Court finds that Plaintiff does not raise any objections to the substance of the Recommendation. (*See* ECF No. 140.) Therefore, as the Response underscores, he has not properly preserved any issues for *de novo* review. (ECF No. 141 at 4.)

Accordingly, the Court adopts Judge Crews's recommendation that Plaintiff's claims in the SAC against SLS/CLS, Bank of America, and the Computershare Defendants are barred by res judicata. (ECF No. 137 at 10, 14.) On this basis, the Court dismisses Plaintiff's SAC with prejudice. *See Seber v. Bank of Am., N.A.*, 713 F. App'x 801 (10th Cir. 2018) (affirming dismissal "with prejudice on res judicata grounds").

Additionally, the Court has considered Judge Crews's recommendation that the Court may alternatively dismiss Plaintiff's claims under Rule 12(b)(6) for failure to state a claim. (ECF No. 137 at 12, 14–15.) The Court adopts this recommendation and finds that Rule 12(b)(6) provides an alternate basis to dismiss Plaintiff's claims against all of the Defendants, though the Court acknowledges that dismissal under Rule 12(b)(6)

typically would be without prejudice.[7]

Regardless, the Court observes that Plaintiff has filed three complaints in this lawsuit (ECF Nos. 1 (Complaint), 18 (Amended Complaint), 71-1 (styled by Plaintiff as Amended Complaint, but technically his Second Amended Complaint), and given that res judicata is the primary basis for the dismissal of his claims, the Court concludes that amendment would be futile. As such, in these circumstances dismissal with prejudice is appropriate. *See Cuervo v. Sorenson*, 2022 WL 4969692, at *10 (D. Colo. Oct. 4, 2022) (finding it would be inequitable to allow Plaintiff a third bite at the apple, requiring Defendants to once again incur substantial attorney's fees and costs in having to address a Second Amended Complaint); *Vigil v. Laurence*, 2021 WL 2633516, at *4 (D. Colo. June 25, 2021) (finding that granting leave to file yet a fourth amended complaint implicating these Defendants would be futile).

2.  Other Related Objections

After Defendants filed their Response to Plaintiff's Objections, Plaintiff filed a reply to the Response. (ECF No. 143.) The Court struck Plaintiff's reply because the undersigned's Revised Practice Standard III.I.2 prohibits parties from filing a reply in support of an objection under Rule 72(b). The Court's Order stated in full:

> ORDER striking Plaintiff's Reply to Response in Opposition to Plaintiff's Rule 72(b) Objections 143. Plaintiff's Reply is STRICKEN given this Court's Revised Practice Standard III.I.2 which clearly states "In conformity with Rule 72, no reply in support of an objection made under either Rule 72(a) or Rule 72(b) will be accepted."[] SO ORDERED by Judge

---

[7] The Court also agrees with and adopts Judge Crews's reasoning concerning Plaintiff's failure to serve Defendant Computershare, Inc. in accordance with Rule 4(m). (ECF No. 137 at 15.) However, because the Court dismisses the claims against Computershare, Inc. with prejudice based on res judicata, it only adopts the reasoning dismissing Computershare, Inc. without prejudice based on Rule 4(m) as an alternative basis for dismissal.

13

William J. Martinez on 1/16/2024.  Text Only Entry (wjmsec)
(Entered: 01/16/2024)

(ECF No. 144.)

In Plaintiff's Objection to Court's Order Striking Plaintiff's Reply to Defendants' Response to Plaintiff's Objection to Magistrates' [*sic*] Recommendation, Plaintiff objects to the Court's Order striking his reply.  (ECF No. 145.)  The Court construes Plaintiff's objection as a motion for reconsideration.  In this Circuit, grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff's objection fails to meet any of the standards required by the Tenth Circuit.  Instead, Plaintiff merely repeats the arguments he made in his Objections to the Recommendation by arguing that his stricken reply "challenges the Court's jurisdiction to rule on the merits of any issues arising in this case."  (ECF No. 145 at 1.)  Accordingly, the Court overrules Plaintiff's objection for lack of good cause shown.  In any event, Plaintiff suffered no prejudice as a result of his reply being stricken because his Objections to the Recommendation (ECF No. 140) and his subsequently filed Motion for Vacatur of Void Orders and Judgments (ECF No. 150) provided him with ample opportunity to raise his jurisdictional challenges in this action.

**B.     Motion for Vacatur**

   1.     <u>Plaintiff's Motion for Vacatur Repeats Earlier, Meritless Arguments</u>

In the Motion for Vacatur, Plaintiff repeats the arguments that he raised in his Objections to the Recommendation.  (ECF No. 150.)  He asserts that the Western District of Kentucky's January 29, 2021 ruling in *Massey I* is void; as a result, he

contends that the Court's December 7, 2021 Order on Pending Motions (ECF No. 50), is void and ineffective because it invoked res judicata based on the *Massey I* ruling. (*Id.* at 3.) Invoking Rule 60(b)(4), he "seeks relief from all void judgments having been rendered in these proceedings, by any and all courts, wherever located, and whenever so rendered." (*Id.* at 15.) He asks that the Court vacate the "Kentucky void judgments," and he argues that because the underlying Kentucky judgments were void ab initio, it would be an abuse of discretion for the undersigned to deny his Motion for Vacatur under Rule 60(b)(4). (*Id.*)

In their well-reasoned response brief, Defendants explain why the Motion for Vacatur should be denied. (ECF No. 152.) Namely, they argue that Plaintiff

> fails to state any plausible basis for relief under Rule 60(b)(4) relative either to the judgment in *Massey I* or to any order in the instant action because: (1) the express finding of subject matter jurisdiction in *Massey I* is not subject to collateral attack in these successive proceedings; (2) no judgment or order in either *Massey I* or in this action is, or was, void for lack of subject matter jurisdiction, for lack due process, or on any other basis; and (3) there is no final order in this action on which to seek relief under Rule 60(b).

(*Id.* at 6–7.) For each of these reasons, they argue that the Motion for Vacatur should be denied.

The Court entirely agrees. The Court incorporates by reference its analysis with respect to Plaintiff's jurisdictional challenge, *see supra* Part IV.A.1.b ("Jurisdictional Challenge"). For the same reasons, in addition to the reasons set forth in Defendants' response (ECF No. 152), the Court finds that Plaintiff's arguments in the Motion for Vacatur are without merit, and as a result, the Court denies the Motion for Vacatur.

      2.    <u>Plaintiff's Objection to Order Striking Motion for Vacatur of Void Orders and Judgments</u>

Plaintiff objects to the Court's Order which stated:

> ORDER striking Plaintiff's Motion for Vacatur of Void Orders and Judgments and Memorandum of Law in Support of Petition for Relief not being Based on the Merits 147. Plaintiff's Motion is STRICKEN for failure to comply with this Court's Revised Practice Standard III.C.1. This Court's Revised Practice Standard III.C.1 states that the page limits for "ALL OTHER motions... Motion and Response [shall be]: 15 pages; Reply: 10 pages". SO ORDERED by Judge William J. Martinez on 1/30/2024. Text Only Entry(wjmsec) (Entered: 01/30/2024)

(ECF No. 148.)

In his objection, Plaintiff merely states that the motion stricken by the Court "sets forth manifestly compelling and irrefutable facts, proving, beyond doubt, that Orders and judgments rendered by [the Court] and the United States District Court for the Western District of Kentucky, were, and remain, void ab initio, and ineffective." (ECF No. 149 at 1.)

Upon due consideration, the Court finds that Plaintiff's objection is moot, as Plaintiff filed an Amended Motion to Vacate on the same day as he filed his objection. (ECF No. 150.) Any purported prejudice Plaintiff may have suffered has certainly been cured by his filing of the amended motion. Accordingly, the Court overrules his objection for lack of good cause shown.

## V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Report and Recommendation (ECF No. 137) is ADOPTED as explained above;

2. Plaintiff's Objections (ECF No. 140) are OVERRULED;

16

3. The SLS Motion (ECF No. 93) is GRANTED;

4. The Computershare Motion (ECF No. 110) is GRANTED;

5. The SAC (ECF No. 71-1) is DISMISSED WITH PREJUDICE;

6. Plaintiff's Objection to Court's Order Striking Plaintiff's Reply to Defendants' Response to Plaintiff's Objection to Magistrates' Recommendation (ECF No. 145) is OVERRULED;

7. Plaintiff's Motion for Vacatur (ECF No. 150) is DENIED;

8. Plaintiff's Objection to Order Striking Motion for Vacatur of Void Orders and Judgments (ECF No. 149) is OVERRULED;

9. The Clerk shall enter judgment in favor of Defendants Computershare Limited, also known as Computershare, Inc, and also known as Computershare U.S., Inc.; Bank of America, NA; and Specialized Loan Servicing, LLC, alternatively known as Computershare Loan Services, and against Plaintiff James Harrison Massey;

10. The parties shall bear their own fees and costs; and

11. The Clerk is DIRECTED to terminate this action and close the file.

Dated this 5th day of March, 2024.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge