IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-0601-WJM-SBP

JAMES HARRISON MASSEY,

    Plaintiff,

v.

COMPUTERSHARE LIMITED, also known as COMPUTERSHARE, INC., also known as COMPUTERSHARE US, INC.,
BANK OF AMERICA, NA, and
SPECIALIZED LOAN SERVICING, LLC, alternatively known as COMPUTERSHARE LOAN SERVICES,

    Defendants.

---

**ORDER DENYING MOTION FOR
CLARIFICATION OF COURT'S FINAL JUDGMENT**

---

This matter is before the Court on *pro se* Plaintiff James Harrison Massey's Motion for Clarification of Court's Final Judgment[1] ("Motion") (ECF No. 159). Defendants Computershare Limited; Computershare U.S., Inc.; Specialized Loan Servicing LLC; and Computershare Loan Services filed a response (ECF No. 164), and Massey filed a reply (ECF No. 166). For the reasons set forth below, the Motion is denied.

**I. BACKGROUND**

This action is the second of now four lawsuits Massey has filed premised on

---

[1] The complete title of Massey's Motion is "Motion for Clarification of Court's Final Judgment Entered in its Entirety, and in Every Respect in Favor of the Defendants and Against the Plaintiff."

substantially similar allegations.² Massey's first action, *James Harrison Massey v. Specialized Loan Servicing LLC,* No. 1:20-cv-00088-GNS-HBB (W.D. Ky.) (*"Massey I"*), was dismissed with prejudice by the Western District of Kentucky on January 29, 2021. During the pendency of this second action, Plaintiff filed a third action in the Western District of Kentucky. *James H. Massey, et al. v. Specialized Loan Servicing, LLC,* No. 1:23-cv-00020-GNS (W.D. Ky.) ("*Massey III*"). It was dismissed on res judicata grounds in September 2023. *Id.* at ECF No. 31.

In March 2024, this Court adopted then-Magistrate Judge S. Kato Crews's December 13, 2023 Recommendation ("Recommendation") (ECF No. 137) that Massey's claims against Defendants in this action should be dismissed with prejudice because they are similarly barred by res judicata. (ECF Nos. 156.) The Court entered final judgment in favor of Defendants on the same date. (ECF No. 157.) The following day, Massey filed a notice of appeal, followed by the instant Motion seeking "clarification" of the Court's final judgment. (ECF Nos. 158, 159.) The Tenth Circuit has abated Massey's appeal pending the Court's decision on the Motion. (*See* ECF No. 170.)

## II. ANALYSIS

The Federal Rules do not expressly authorize the filing of a "motion for clarification," but post-judgment motions of the sort filed by Massey are regularly construed in this Circuit as either Rule 59(e) motions to alter or amend a judgment or

---

² Defendants informed the Court that Massey recently filed a fourth *pro se* lawsuit against some 22 defendants, including Defendants, in Kentucky state court. (ECF No. 179 at 3 (citing *James H. Massey, et al. v. Wilmington Savings Fund Society Fin. Corp., et al.,* No. 24-CI-01537 (Warren Circuit Court, Ky.) ("*Massey IV*")).)

2

Rule 60 motions for relief from judgment.  *See, e.g., S.E.C. v. Dowdell,* 144 F. App'x 716, 720 (10th Cir. 2005) (noting that a "motion for clarification is not defined by the nomenclature used by the movant" and finding a similarly styled motion that "called into question the correctness of the decision" and requested a modification was a Rule 59(e) motion).  As Massey's Motion was filed less than 28 days after final judgment was entered in this action, the Court will construe it as a motion filed pursuant to Rule 59(e).  *See Van Skiver v. U.S.,* 952 F.2d 1241, 1243 (10th Cir. 1991) ("Which rule applies to a [post-judgment] motion depends essentially on the time a motion is served.  If a motion is served within [twenty-eight] days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e).").

Relief under Rule 59(e) "is appropriate only where the court has misapprehended the facts, a party's position, or the controlling law."  *Barber ex rel. Barber v. Colo. Dep't of Revenue,* 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks omitted).  Thus, the movant must show "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice."  *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).

Massey's ultimate request in his one-page Motion is for "clarification of the court's finding of fact and conclusions of law, (including CRS 4-3-310), as related to the court's wholly unexplained, (if not totally inexplicable under the circumstances), denial of Plaintiff's properly filed Motion for Vacatur of Void Orders and judgments."  (ECF No. 159 at 1.)  In particular, Massey takes issue with the fact that "Colorado Revised Statute ["C.R.S."] 4-3-310" was "left unmentioned in the court's final judgment" despite being, in

3

his view, "an integral, undeniable, and indispensable part of the court's final judgment." (*Id.*)  In this way, the basis for the Motion appears to simply be that Massey broadly disagrees with the Court's judgment against him and the reasoning upon which it rests.  That is far from being a proper basis for a Rule 59(e) motion.

Further still, a Rule 59(e) motion "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete,* 204 F.3d at 1012; *see also Exxon Shipping Co. v. Baker,* 554 U.S. 471, 475 n.5 (2008) ("Rule 59(e) . . . may not be used to relitigate old matters, or to raise arguments . . . that could have been raised prior to entry of judgment").  Massey has already argued the application of section 4-3-310 to the merits of his claims on multiple occasions in these proceedings, including through his objections to the Recommendation.[3]  (*See* ECF No. 140 at 2 ¶ 2.)  The Court overruled his related objection, among others, upon finding it was not an objection "to the substance of the Recommendation."  (ECF No. 156 at 12.)  Put differently, Massey's objection was improper then, and his Motion on the same grounds remains improper now because the disposition of this case turns on res judicata—not section 4-3-310.

This Court has rejected similar attempts by unsuccessful litigants to re-argue the merits of their case on a nondispositive point.  *See, e.g., Kahler v. Wal-Mart Stores, Inc.,* 2022 WL 1092139, at *2 (D. Colo. Apr. 12, 2022) ("To the extent Plaintiff merely re-argues the merits of her case against Defendant, such arguments are unavailing on a motion for reconsideration. . . . Moreover, Plaintiff ignores the dispositive point that her

---

[3] Not to mention, Massey has similarly argued the application of section 4-3-310 in his three other lawsuits.  Indeed, the Kentucky federal court rejected Massey's arguments concerning section 4-3-310 on the merits in *Massey I.*  (*See* ECF No. 164 at 2 n.2.)

4

claims were dismissed because they are barred by res judicata.").

In sum, the Court denies Massey's construed Rule 59(e) motion because he has failed to present any appropriate factual or legal ground for reconsideration.

### III. CONCLUSION

For the reasons set forth above, the Motion is DENIED.

Dated this 5th day of November, 2024.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge

5